**STATE of Iowa, Appellee,**

v.

**Sean Phillip MERRILL, Appellant.**

No. 94–1649.

Supreme Court of Iowa.

Sept. 20, 1995.

Linda Del Gallo, State Appellate Defender, and Sarah E. Hennesy, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Thomas G. Fisher, Jr., Assistant Attorney General, and Connie Ricklefs, County Attorney, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, SNELL, and ANDREASEN, JJ.

PER CURIAM.

The question in the present case is whether the district court erred in overruling the defendant's motion to suppress a bag of marijuana and a pipe found on his person by the police after they stopped the car in which he was a passenger to arrest the driver on an outstanding warrant. We affirm.

On the evening of April 15, 1994, officer Russell Collier of the Anamosa Police Department stopped a white Camaro driven by William Curtis because an arrest warrant had been issued for Curtis. The defendant, Sean Merrill, was a passenger in the Camaro. Collier executed the warrant and placed Curtis in the squad car.

Officer Collier returned to the Camaro and asked Merrill to step out so he could conduct an inventory search. Collier detected the odor of burnt marijuana on Merrill when he stepped out of the car. Collier asked Merrill to empty his pockets onto the hood of the squad car. When Merrill emptied his right pocket, it appeared to Collier he was hiding something in the palm of his hand. Collier reached for Merrill's hand and asked to see what was inside. Merrill had a bag of marijuana and a pipe. Collier subsequently arrested Merrill for possession of marijuana.

The State charged Merrill with possession of a controlled substance (marijuana) in violation of Iowa Code section 124.401(3) (1993). Merrill filed a motion to suppress all evidence seized as a result of the allegedly illegal search of his person. Following a hearing, the district court denied the motion. After a stipulated bench trial, the district court found Merrill guilty as charged and imposed a $250 fine. Merrill has appealed.

■ The motion to suppress raises a Fourth Amendment challenge to the admissibility of evidence seized from Merrill. Our review of constitutional issues is de novo in light of the totality of the circumstances. *State v. Riley*, 501 N.W.2d 487, 489 (Iowa 1993).

In *Terry v. Ohio*, 392 U.S. 1, 27, 88 S.Ct. 1868, 1883, 20 L.Ed.2d 889, 909 (1968), the Supreme Court held that an officer may make a protective warrantless search of a person when the officer, pointing to specific and articulable facts, reasonably believes under all the circumstances that the suspicious person presents a danger to the officer or to others. In *State v. Becker*, 458 N.W.2d 604, 607 (Iowa 1990), we held that an intrusion on a vehicle passenger would be warranted if, among other things, the officer had some articulable suspicion concerning a violation of law by that passenger. In *Riley*, 501 N.W.2d at 488, we recognized that furtive movements made by a passenger, coupled with the passenger's failure to provide identification, was sufficient to establish probable cause.

■ In the present case, Merrill contends that, even assuming the smell of burnt marijuana gave officer Collier reasonable suspi-

cion authorizing the initial request to empty his pockets, Collier's actions went beyond the scope of a minor intrusion envisioned by *Riley* and *Becker* when he reached for Merrill's hand. We disagree.

■ Officer Collier had probable cause to stop the car and arrest Curtis because there was a valid arrest warrant against him. *See* Iowa Code § 804.7 (1993). Although stopping the car created some intrusion on Merrill, we have recognized that this intrusion is an "unavoidable consequence of action justifiably taken against the driver." *Riley*, 501 N.W.2d at 488 (quoting *Becker*, 458 N.W.2d at 607). Because officer Collier decided to impound the vehicle, he was justified in asking Merrill to step out of the vehicle to effectuate the impoundment and inventory of the car.

The record reveals that when Merrill stepped out of the car officer Collier detected the smell of burnt marijuana. Collier also noticed that Merrill appeared to be trying to hide something in his hand. Although we have previously held that the smell of burning marijuana from a car may give a police officer probable cause to search a vehicle, we have not addressed the question of whether a police officer has probable cause to search a person when the officer detects the odor of marijuana on that person. *See State v. Eubanks*, 355 N.W.2d 57, 59 (Iowa 1984); *see also United States v. Caves*, 890 F.2d 87, 91 (8th Cir.1989) (although odor of burnt marijuana alone on driver is less probative of the existence of marijuana in an automobile, such odor, coupled with the surrounding circumstances, is sufficient to establish probable cause).

Our review of other jurisdictions reveals that the majority of states have adopted the view that the smell of burnt marijuana, standing alone, may provide probable cause for a warrantless search. *See, e.g., State v. T.T.*, 594 So.2d 839, 840 (Fla.Dist.Ct.App. 1992) (off-duty police officer at a skating rink had probable cause to search juvenile who smelled strongly of marijuana); *State v. Cross*, 23 Or.App. 536, 539, 543 P.2d 48, 50 (1975) (officer who detected a light odor of marijuana emanating from defendant's clothing had probable cause to conduct a warrant-

less search of two jackets that had been placed by the defendant on his motorcycle). *Contra State v. Schoendaller,* 176 Mont. 376, 382, 578 P.2d 730, 734 (1978) (odor of burning marijuana standing alone, absent evidence of visible contents, is not sufficient to establish probable cause). At least one other jurisdiction has concluded that the smell of burning marijuana plus furtive actions of a defendant were sufficient to establish probable cause for a warrantless search. *State v. Garcia,* 32 Ohio App.3d 38, 39–40, 513 N.E.2d 1350, 1352 (1986).

We believe that the smell of burnt marijuana, coupled with Merrill's furtive attempts to hide something in his hand, provided officer Collier with sufficient probable cause to search Merrill's hand. We have previously recognized that furtive movements coupled with additional suspicious circumstances can provide sufficient grounds for a warrantless search. *Riley,* 501 N.W.2d at 490. We conclude the district court was correct in denying Merrill's motion to suppress.

**AFFIRMED.**