**STATE of Iowa, Appellee,**

v.

**Ronald G. MORIARTY, Appellant.**

No. 96–1479.

Supreme Court of Iowa.

July 23, 1997.

Linda Del Gallo, State Appellate Defender, and Dennis D. Hendrickson, Assistant State Appellate Defender, for Appellant.

Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney General, Michael L. Zenor, County Attorney, and Michael J. Houchins, Assistant County Attorney, for Appellee.

Considered by McGIVERIN, C.J., and HARRIS, LARSON, CARTER, and SNELL, JJ.

CARTER, Justice.

In May 1996 the defendant, Ronald Gene Moriarty, was found guilty of a violation of Iowa's drug tax stamp statute, Iowa Code ch. 453B (1995), a class "D" felony. Defendant argues that the drugs on which this charge was based were discovered as the result of an illegal search. After considering the arguments presented and reviewing the record before us, we conclude that the responding officers acted within the limits imposed on them by the United States and Iowa Constitutions. We affirm the judgment of the district court.

## I. *Standard of Review.*

◼ Defendant alleges that his constitutional rights under Amendment IV of the United States Constitution and article I, section 8 of the Iowa Constitution were violated. Because he raises constitutional challenges to his conviction, we review de novo in light of the totality of the circumstances. *State v. Merrill,* 538 N.W.2d 300, 301 (Iowa 1995). Although we make an independent assessment of the record, we act with a certain amount of deference to the trial court's factual findings. *State v. Morgan,* 559 N.W.2d 603, 608 (Iowa 1997); *State v. Predka,* 555 N.W.2d 202, 206 (Iowa 1996).

## II.  *Background.*

We find these facts after our review of the record.  On September 21, 1995, Spencer police officer Brad Hawley stopped a motor vehicle being operated by defendant after noticing that the windshield was badly cracked.  After officer Hawley exited his own vehicle, he noticed an alligator clip hanging from the rearview mirror of defendant's vehicle.  Evidence produced on defendant's suppression motion indicated that alligator clips are commonly recognized as devices utilized for purposes of smoking marijuana.  This particular alligator clip did not appear to have been previously used.  The officer issued a citation for the cracked windshield and invited defendant to wait in the patrol car.  While both officer Hawley and defendant were seated in the patrol car, the officer smelled the odor of burnt marijuana that grew stronger over time.  Based on this circumstance, he made a radio call for assistance.

When officer Hawley completed writing the citation, he informed defendant that he smelled marijuana, that he believed defendant to be the source of the odor.  He advised defendant that he was going to search him.  By this time, another officer had arrived at the scene.  Officer Hawley proceeded to search defendant and found a pipe that contained marijuana residue and a small amount of unburnt marijuana, two syringes, a plastic case containing a beige substance, a knife, and a spoon.  Officer Hawley placed defendant under arrest for possession of a controlled substance.

After arresting defendant, the officers searched defendant's car and discovered substances later determined to be methamphetamine.  Defendant was then informed that he was also under arrest for possession of a controlled substance with intent to deliver.  This search and a further inventory search of defendant's vehicle revealed a scale and a radio scanner.  None of the methamphetamine seized, which totaled more than eight grams, had the required drug tax stamp attached.

We will mention other pertinent facts when necessary to the discussion of the legal issues presented.

## III.  *Discussion.*

Prior to trial, defendant moved to suppress all evidence seized during these searches.  He argued that the entire transaction, beginning with the initial stop, was unlawful.  The trial court overruled defendant's motion to suppress in its entirety.

■■■  Both the United States and Iowa Constitutions prohibit unreasonable searches.  U.S. Const. amend. IV; Iowa Const. art. I, § 8.  A warrantless search is presumed unreasonable.  *State v. Eubanks*, 355 N.W.2d 57, 58–59 (Iowa 1984).  When a warrantless search is challenged, the State must demonstrate, by a preponderance of the evidence, that the search came within an exception to the warrant requirement.  *Predka*, 555 N.W.2d at 206.  Exceptions to the warrant rule include consent, probable cause coupled with exigent circumstances, and searches incident to lawful arrests.  *Id.; Eubanks*, 355 N.W.2d at 58–59.  An initially unconstitutional search is not validated by reason of its success.  *State v. Swartz*, 244 N.W.2d 553, 555 (Iowa 1976).  In the context of evidentiary searches, "probable cause" exists when a reasonably prudent person would believe that evidence of a crime will be discovered in the place to be searched.  *State v. Randle*, 555 N.W.2d 666, 670 (Iowa 1996); *State v. Seager*, 341 N.W.2d 420, 427 (Iowa 1983).

■  Defendant argues that the smell of burnt marijuana, standing alone, cannot give rise to probable cause.  Defendant places reliance on our decision in *Merrill*, 538 N.W.2d at 302.  In *Merrill* we held that the odor of burnt marijuana coupled with furtive movements by the defendant added up to probable cause.  Contrary to defendant's assertion, we did not hold that the odor of marijuana alone cannot give rise to probable cause.  We specifically noted that a majority of states addressing the issue have held that the odor of burnt marijuana alone may pro-

vide probable cause to justify a warrantless search. 538 N.W.2d at 301. In the present case, however, as in *Merrill,* the odor in question was not the only factor in the officer's probable cause calculus. As noted above, he observed an unused alligator clip hanging from defendant's rearview mirror. We believe that this fact combined with the plain smell of burnt marijuana provided the officer with probable cause to search defendant's person.

Defendant also urges that officer Hawley lacked the knowledge and training necessary to recognize the scent of marijuana. We find this contention to be without merit. Officer Hawley had more than five years of experience in law enforcement and was involved in numerous drug-related arrests. The record reflects that he had received instruction on the identification of marijuana by odor at the Iowa Law Enforcement Academy.

Because the search of defendant's person was lawful, his arrest based on the marijuana found during the search offends no constitutional principles. The subsequent search of his vehicle at the scene was a lawful search incident to arrest. *See State v. Edgington,* 487 N.W.2d 675, 677 (Iowa 1992). We have considered all arguments presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**