# IN THE COURT OF APPEALS OF IOWA

No. 14-0589
Filed January 14, 2015

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**JAMES LYLE JOHANNES,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Story County, Steven P. Van Marel, District Associate Judge.

Appeal from conviction of possession of a controlled substance, second offense. **AFFIRMED.**

John L. Dirks of Dirks Law Firm, Nevada, for appellant.

Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Stephen P. Holmes, County Attorney, and Joseph Steven Danielson, Assistant County Attorney, for appellee.

Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MCDONALD, J.**

James Johannes appeals his conviction for possession of a controlled substance, second offense, in violation of Iowa Code section 124.401(5) (2013). The record reflects that on the night of December 28, 2013, an officer conducted a traffic stop of Johannes's vehicle. The officer arrested Johannes during the traffic stop, searched his vehicle, and found the contraband resulting in this conviction. On appeal, Johannes contends the district court erred in denying his motion to suppress evidence obtained as a result of a search and seizure in alleged violation of his rights under the Fourth and Fourteenth Amendment to the United States Constitution and Article I, section 8 of the Iowa Constitution. We review the constitutionality of the search and seizure de novo. *See State v. Cline*, 617 N.W.2d 277, 280 (Iowa 2000).

A traffic stop is a "seizure" within the meaning of the federal and state constitutions. *See State v. Tyler*, 830 N.W.2d 288, 292 (Iowa 2013). However, "a law enforcement officer may conduct an investigatory stop of a moving automobile when the officer has a reasonable and articulable suspicion that the vehicle's occupants are involved in criminal activity." *See United States v. Hensley*, 469 U.S. 221, 226 (1985). Johannes contends the traffic stop was not supported by reasonable suspicion because the officer initiating the stop did so based on stale information that the owner of the vehicle had an active arrest warrant. Johannes's argument is contradicted by the record. At the suppression hearing, the officer initiating the stop testified dispatch confirmed there was an arrest warrant for the owner of the vehicle immediately prior to the officer

initiating the stop. The officer also pulled alongside the vehicle prior to initiating the traffic stop to confirm the driver matched the physical description given by dispatch. These facts are sufficient to establish reasonable suspicion in support of the traffic stop. *See* Iowa Code § 804.7(4); *State v. Merrill*, 538 N.W.2d 300, 301 (Iowa 1995) (holding traffic stop was not unconstitutional where officer had knowledge of active warrant); *State v. Nielsen*, No. 06-0207, 2007 WL 108895, at *2 (Iowa Ct. App. Jan. 18, 2007) ("The existence of a valid arrest warrant is sufficient cause to justify an investigatory stop of a vehicle."); *see also United States v. Fields*, 176 Fed. App. 327, 330 (3d Cir. 2006) (holding knowledge of active warrant for arrest was sufficient to establish reasonable suspicion); *State v. Davenport*, No. 83487, 2004 WL 2340081, at *2 (Ohio Ct. App. Sep. 23, 2004) ("Because the officers had information that the owner of the car had an active warrant out for his arrest, and because they were justified in presuming that the owner was the driver of the car, they were also justified in stopping the car.").

After the officer initiated the traffic stop, reconfirmed there was an active warrant for Johannes's arrest, and arrested Johannes, the officer initiating the stop and another officer searched Johannes's vehicle. Upon searching the vehicle, the officers found the contraband giving rise to this conviction. Johannes contends the warrantless search of his vehicle was improper because it did not fall within any of the exceptions to the general requirement officers obtain a warrant before conducting a search. We conclude the search was lawful.

First, the officer had probable cause to search the after seeing burnt aluminum foil—which the officer knew, based on her training and experience,

was used in smoking illegal substances—in plain view in the cabin of the vehicle. *See Arizona v. Gant*, 556 U.S. 332, 347 (2009) ("If there is probable cause to believe a vehicle contains evidence of criminal activity, *United States v. Ross*, 456 U.S. 798, 820–821 [(1982)] . . . , authorizes a search of any area of the vehicle in which the evidence might be found."); *State v. Cullor*, 315 N.W.2d 808, 811 (Iowa 1982) ("Items in plain view within a car, viewed by police officers standing outside the car where they have a right to be, can furnish probable cause for a subsequent search of the car.").

Second, after arresting Johannes, the officers decided to impound and inventory the vehicle pursuant to statutory authority authorizing impoundment under the facts and circumstances of this case and pursuant to a written policy regulating said inventory. *See* Iowa Code § 321.20B(4)(a)(4)(a) (allowing impoundment where driver failed to provide proof of insurance); *State v. Aderholdt*, 545 N.W.2d 559-565 (Iowa 1996); *State v. Bitker*, No. 13-0520, 2014 WL 468228, at *3 (Iowa Ct. App. Feb. 5, 2014) (upholding inventory search where care impounded for failure to produce evidence of insurance); *State v. McLachlan*, No. 04-0199, 2004 WL 2579247, at *3 (Iowa Ct. App. Nov. 14, 2004) (upholding legality of inventory search where vehicle was impounded and inventoried after defendant was arrested). The fact that the officers here may have been partially motivated to find additional contraband does not render an otherwise lawful inventory search unlawful. *See State v. Huisman*, 544 N.W.2d 433, 439 (Iowa 1996) (looking for the existence of reasonable standardized procedures and some purpose other than investigation of criminal activity and

holding inventory search proper even where officers are partially motivated by a belief the vehicle may contain contraband).

For the foregoing reasons, we conclude the challenged search and seizure was not in violation of Johannes's rights under the federal and state constitutions. The district court thus did not err in denying Johannes's motion to suppress evidence. We affirm Johannes's conviction without further opinion. *See* Iowa Ct. R. 21.26(1)(d), (e).

**AFFIRMED.**