CADY, Chief Justice
(dissenting).
I respectfully dissent. The holding in Rodriguez v. United States resolved a division among lower courts on the question of whether police may routinely extend an otherwise completed traffic stop absent reasonable suspicion in order to conduct a dog-sniff search. 575 U.S. -, 135 S.Ct. 1609, 191 L.Ed.2d 492 (2015). The answer is clearly no. However, the issue the Supreme Court did not reach in Rodriguez was whether reasonable suspicion of criminal activity unrelated to the purpose of the traffic stop justified the detention of the defendant beyond the time needed to complete the traffic stop. Id. at -, 135 S.Ct. at 1616-17, 191 L.Ed.2d at 501. After a careful review of the record, I Would conclude the officer acquired reasonable suspicion of criminal activity unrelated to the purpose of the traffic stop. Therefore, *398 the officer was permitted to extend the detention of the defendant beyond the time needed to process the traffic citations to confirm his suspicions.
I agree an officer cannot normally pursue unrelated inquiries during a traffic stop: except those normally incidental to the stop. However, a traffic stop can be reasonably extended to check out reasonable suspicion of unrelated criminal activity. See State v. Aderholdt, 545. N.W.2d 559, 564 (Iowa 1996) (holding suspicious responses and actions permitted the officer’s inquiry to be broadened, and defendants’ detention while a drug dog and tow truck were summoned did not exceed the reasonable scope of the stop). Here, three factors were present to provide reasonable suspicion to extend the stop. First, the officer observed overt physical signs of nervousness of the occupants of the vehicle. Second, the interior of the vehicle smelled strongly of a specific air freshener known by the trooper to be frequently used to mask the scent of marijuana.[12] A can of this air freshener was visible through the window of the vehicle.[13] Finally, the condition of the interior of the vehicle indicated the occupants were traveling hard.
. These three pieces -of information combined to give the officer reasonable suspicion that drugs could be located in the vehicle. This reasonable suspicion entitled the officer to extend the time to complete the stop. It entitled the officer to ask questions specifically related to the suspicion of drug activity in ’conjunction with questions related to the traffic stop. The inconsistent answers to the additional questions generated even greater suspicion of unrelated criminal activity and ultimately justified the request for a drug dog. Furthermore, the additional time for the drug dog to arrive did not unreasonably extend, the time of the stop. The dog arrived at the scene of the stop within five minutes from. the time the request was made.
The time necessary for an officer to process a traffic stop does not require a stopwatch. The officer is entitled to detain a driver long enough to issue the citation or warning and to check out the ordinary incidental aspects of a traffic stop, such as a drivers’ license check, outstanding-warrant check, and proof of insurance and registration. Rodriguez, 575 *399 U.S. at -, 135 S.Ct. at 1614-15, 191 L.Ed.2d at 498-99. If, in the process of these activities, reasonable suspicion of unrelated criminal activity is observed, the detention is extended a reasonable time to check out the suspicion. See State v. Bergmann, 633 N.W.2d 328, 335-38 (Iowa 2001) (“When the purpose for the initial stop has concluded, in order to expand the scope further, reasonable suspicion of criminal wrongdoing must be present.”); see also Rodriguez, 575 U.S. at -, 135 S.Ct. at 1615, 191 L.Ed.2d at 499 (prohibiting stop extension only “absent the reasonable suspicion ordinarily demanded to justify detaining an individual”). This is what occurred in this case, and the rights under the Search' and Seizure Clause were hot violated.
Finally, reasonable suspicion clearly existed in this casé to support extending the stop. The standard of reasonable suspicion was not intended to handcuff police officers in the investigation of criminal activity. Furthermore, our constitution does not expect police to check their commonsense and good-judgment at the door in deciding to pursue a criminal.investigation. This case, however, holds otherwise. The result is illogical. An odor known to be marijuana emanating from a vehicle provides probable cause to search, under our law, State v. Eubanks, 355 N.W.2d 57, 59 (Iowa 1984), but the strong odor of an air freshener known by, the officer to be, an agent used to mask the odor of marijuana does not even provide reasonable suspicion to investigate. Regrettably, the majority fails to. identify what more the officer in this ease, and officers in, the future, would need to acquire the reasonable suspicion necessary to, pursue further investigation.
ZAGER, J., joins this dissent.

. We have long established that the odor of marijuana alone can give an officer probable cause to search the vehicle. State v. Eubanks, 355 N.W.2d 57, 59 (Iowa 1984); see State v. Watts, 801 N.W.2d 845, 854 (Iowa 2011) ("[A] trained officer’s detection of a sufficiently distinctive odor, by itself or when accompanied by other facts, may establish probable cause.”); State v. Moriarty, 566 N.W.2d 866, 869 (Iowa 1997) (combining the scent of burnt marijuana with the presence of an unused alligator clip and the officer’s experience to create probable cause); State v. Predka, 555 N.W.2d 202, 207 (Iowa 1996) (finding the odor of marijuana, the driver's nervous state, and officer’s observation of a screen and small plastic bags provided probable cause to search the vehicle); State v. Merrill, 538 N.W.2d 300, 301-02 (Iowa 1995) (finding sufficient grounds to search the passenger of a vehicle based on the smell of burnt marijuana and the pastengef’s furtive movements).

. . The combination of the presence of the can of air freshener on the front floorboard and the strong odor of that air freshener coming out the window of the vehicle could imply that the air freshener was sprayed from the can as a response to the flashing lights signaling the trooper's , request that the vehicle pull over. This is not a case of an air freshener hanging from the rearview mirror, but instead implicates a deliberate action taken by those in the vehicle to cover up a particular odor. While not sufficient to establish probable cause to search on its own, it is distinct enough behavior that it could allow an experienced officer to form a reasonable suspicion when combined with the other suspicious behaviors.