# IN THE COURT OF APPEALS OF IOWA

No. 18-1502
Filed June 5, 2019

**STATE OF IOWA,**
        Plaintiff-Appellant,

**vs.**

**MELTON RAY CARTER,**
        Defendant-Appellee.
_____

Appeal from the Iowa District Court for Woodbury County, Julie A. Schumacher, Judge.

On discretionary review, the State challenges the district court's grant of Carter's motion to suppress. **REVERSED AND REMANDED.**

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellant.

Mark C. Smith, State Appellate Defender, (until withdrawal) and Theresa R. Wilson, Assistant Appellate Defender, for appellee.

Considered by Tabor, P.J., Bower, J., and Blane, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**BLANE, Senior Judge.**

Our supreme court granted the State's application for discretionary review of a district court ruling that granted Melton Carter's motion to suppress the marijuana discovered on Carter's person by an officer conducting a warrantless search. The State challenges the court's determination that the officer's detection of marijuana odor coming from Carter's person by itself, absent other circumstances, was not adequate probable cause for the search. Upon our review, we conclude the district court incorrectly applied the law and reverse the grant of Carter's motion to suppress.

I.  Background facts and procedure.

On August 30, 2017, Sioux City Police Officer Christopher Eral was sitting in his police vehicle and filling out paperwork with the window partially open. He observed a male, later identified as Carter, walking past his patrol car at a distance of thirty to forty feet. As Carter did so, Officer Eral detected an odor he recognized as marijuana.[1] The officer did not smell the marijuana odor until Carter walked by, and there was nobody else in the area who could plausibly have been the source of the odor.

---

[1] In arguments at the close of the suppression hearing, Carter's counsel raised concern that this distance was too great for the officer to smell the marijuana odor or determine it was coming from Carter so as to constitute "reasonable suspicion" to stop Carter in the first place. The district court's ruling does not directly address the argument. In the factual findings, the court appears to accept the officer's testimony that he could detect the odor from that distance and thus found reasonable suspicion for the officer to stop and detain Carter. *See State v. McIver*, 858 N.W.2d 699, 702 (Iowa 2015) ("Probable cause of a crime supports an arrest, while reasonable suspicion of a crime allows a peace officer to stop and briefly detain a person to conduct a further investigation.") On appeal, Carter does not raise the "reasonable suspicion" issue.

Officer Eral radioed that he was going to be out of his patrol vehicle with an individual, exited his patrol car, and then walked toward and called out to Carter. As Officer Eral and Carter approached each other, the officer detected the odor of marijuana coming directly from Carter's person. Officer Eral asked Carter for consent to search, which Carter denied. Officer Eral advised Carter that he was going to search Carter due to the odor of marijuana coming from his person. Carter admitted to Officer Eral that he had marijuana on his person, which the officer located in Carter's left pants pocket during the search.[2] Officer Eral arrested Carter for possession of the marijuana.

Officer Eral is trained in drug recognition and previously handled more than one hundred cases involving marijuana. He is familiar with what marijuana smells like.[3] Officer Eral testified that when he first smelled the marijuana odor he felt he had "reasonable suspicion to at least talk with [Carter]." When he approached Carter and "was in close proximity with him" to engage in conversation, Officer Eral detected the marijuana odor coming directly from Carter and felt at this point he had probable cause to arrest Carter for possession of marijuana. Officer Eral had not yet placed Carter under arrest at the time of the search. Carter does not dispute that Officer Eral would have been able to smell marijuana on his person.

---

[2] Based on the record before us, it is unclear whether Carter made this admission before or after the search began. If it was made before the search began, Carter's admission would be adequate probable cause by itself for the search, thereby rendering the officer's detection of the odor of marijuana evidence necessary only as "reasonable suspicion" to stop Carter in the first place. Neither party raised and the trial court did not address this "admission" issue; all focus was on whether the odor of marijuana emanating from Carter by itself was adequate probable cause for the search.

[3] Although cases sometimes distinguish between raw and burnt marijuana, the record in this case does not describe which odor was emanating from Carter. This does not matter to the analysis.

On September 8, 2017, the county attorney filed a trial information charging Carter with possession of a controlled substance, third violation, based upon the events of August 30. On September 15, Carter filed a written arraignment and plea of not guilty. On October 24, Carter's counsel filed a motion to suppress the marijuana discovered during the search, asserting an illegal seizure and search under the Fourth Amendment to the United States Constitution, and article I, section 8 of the Iowa Constitution. Carter argued that Officer Eral did not have probable cause coupled with exigent circumstances to conduct the search and that the marijuana that was seized was not in plain view.

On November 1, the State filed its resistance, arguing the officer had either probable cause and exigent circumstances or the search was incident to an arrest.[4] The district court held a hearing on the motion on January 29, 2018, at which both Officer Eral and Carter testified. On March 9, the district court filed its ruling. Relying on two Iowa Supreme Court cases, *State v. Merrill*, 538 N.W.2d 300, 301-02 (Iowa 1995), and *State v. Moriarty*, 566 N.W.2d 866, 868-69 (Iowa 1997),[5] the court reached the conclusion that the supreme court had not yet determined whether an officer's detection of a smell of marijuana *alone* gives rise to probable cause to conduct a warrantless search of a person. The court then concluded:

> Under the current case law in Iowa, such is not sufficient, absent other circumstances. Applying the current case law in Iowa as set out above, the Court finds that Officer Eral did not have probable cause to conduct a warrantless search of the defendant's person

---

[4] In support of its resistance, the State cited *State v. Mohr*, 734 N.E.2d 804, 809 (Ohio 2000), and *United States v. Humphries*, 372 F.3d 653, 659 (4th Cir. 2004).
[5] We note defense counsel did not cite to the trial court the specific Iowa appellate decisions that the court relied upon in its ruling.

> based on the smell of marijuana alone. Unlike the previous decisions by our appellate courts, there was no testimony of any furtive movements, or any other paraphernalia such as a roach clip or pipe, visible on the defendant. The defendant was on foot, and not in a vehicle. While other jurisdictions have concluded that the smell of marijuana alone is sufficient for a warrantless search, the governing body of law in Iowa has not adopted such conclusion.

The court also ruled, "[T]here was not probable cause coupled with exigent circumstances, or a search incident to lawful[6] arrest. While the State at the hearing also asserted a *Terry* stop, the officer's testimony was void of evidence to support the same." The court then granted the motion to suppress.

On March 16, the State filed a motion to reconsider that ruling, asking the court to address the more recent Iowa Supreme Court case of *State v. Watts*, 801 N.W.2d 845 (Iowa 2011). The district court held a hearing on June 6. In its order on August 19, it discussed *Watts* and denied the State's motion to reconsider.

On August 29, the State filed an application for discretionary review and motion to stay with the supreme court. By order on August 31, the supreme court granted the application and stayed the proceedings. The supreme court then transferred the review to this court, and it is now before us for consideration.

II. Standard and scope of review.

Our review of challenges to a ruling on the merits of a motion to suppress is de novo because such claims implicate constitutional issues. *State v. Baker*, 925 N.W.2d 602, 609 (Iowa 2019). "We make an 'independent evaluation of the totality of the circumstances as shown by the entire record.'" *State v. Scheffert*,

---

[6] We assume the district court used "lawful" arrest because it determined there was no probable cause.

910 N.W.2d 577, 581 (Iowa 2018) (citation omitted). "We give deference to the district court's factual findings, but they do not bind us." *Id.*

Before we embark on our review, we must first address the State's and defendant's contentions on what is actually before this court for review. The State contends that we may not consider an independent approach to article I, section 8 that would diverge from the Fourth Amendment as Carter did not urge the district court to consider it. Carter's motion to suppress specifically stated:

> Article 1, section 8 of the Iowa Constitution is substantially identical to the Fourth Amendment; as such, the Iowa Supreme Court has "consistently interpreted the scope and purpose of Article 1, section 8, of the Iowa Constitution to track with federal interpretations of the Fourth Amendment." *State v. Breuer*, 577 N.W.2d 41, 44 (Iowa 1998).

Carter "does not advance a distinct analytical framework under the Iowa Constitution." *Baker*, 925 N.W.2d at 610. "Because [Carter] did not advance a distinct analytical framework for his claim under article I, section 8 of the Iowa Constitution, in our discretion we choose to apply the federal framework" and consider his state and federal constitutional claims concurrently. *Id.*

Carter points out that in the district court the State argued the warrant exceptions of search incident to arrest, probable cause coupled with exigent circumstances, and a *Terry*[7] investigatory stop. Carter contends that the State limits its argument to probable cause and exigent circumstances in this discretionary review and therefore any argument regarding search incident to arrest and *Terry* should be deemed waived. *See State v. Short*, 851 N.W.2d 474,

---

[7] *Terry v. Ohio*, 392 U.S. 1, 30-31 (1968) (allowing detention and frisk for weapons based on reasonable suspicion).

479 (Iowa 2014). The State disputes this; as in its appellate brief the State explains that since the district court ruled that the officer did not have probable cause, the warrantless exceptions of probable cause with exigent circumstances and search incident to arrest could not apply. On this review, the State argues that since the court should have found probable cause, on remand the district court must then address whether the probable cause was coupled with exigent circumstances or whether the search was incident to arrest. We agree a *Terry* basis for the search was not further raised by the State in this appeal. We therefore address only whether the district court properly determined whether the officer had probable cause.

III. Discussion.

Our supreme court has previously summarized the law governing searches and seizures in Iowa.

> Both the United States and Iowa Constitutions prohibit unreasonable searches. A warrantless search is presumed unreasonable. When a warrantless search is challenged, the State must demonstrate, by a preponderance of the evidence, that the search came within an exception to the warrant requirement. Exceptions to the warrant rule include consent, probable cause coupled with exigent circumstances, and searches incident to lawful arrests. An initially unconstitutional search is not validated by reason of its success. In the context of evidentiary searches, "probable cause" exists when a reasonably prudent person would believe that evidence of a crime will be discovered in the place to be searched.

*Moriarty*, 566 N.W.2d at 868 (citations omitted).

In light of these principles, we first address the cases upon which the district court relied in granting Carter's motion to suppress. In *Merrill*, the Iowa Supreme Court confronted a unique fact scenario. Merrill was the passenger in a vehicle. *Merrill*, 538 N.W.2d at 300. The police stopped the vehicle to arrest the driver

based on a warrant. *Id.* The police decided to impound the vehicle, so passenger Merrill was asked to exit the vehicle. *Id.* at 301. When Merrill exited the vehicle, the officer smelled the odor of burnt marijuana on Merrill. *Id.* "[The officer] asked Merrill to empty his pockets onto the hood of the squad car. When Merrill emptied his right pocket, it appeared to [the officer] [Merrill] was hiding something in the palm of his hand."[8] *Id.* The officer then grabbed Merrill's hand and seized a bag of marijuana and pipe. *Id.* Merrill was charged with possession of marijuana. *Id.*

> Merrill filed a motion to suppress, framing the issue as follows:
>
> [E]ven assuming the smell of burnt marijuana gave [the officer] *reasonable suspicion* authorizing the initial request to empty his pockets, [the officer]'s actions went beyond the scope of a minor intrusion envisioned by [*State v.*] *Riley*, [501 N.W.2d 487 (Iowa 1993)] and [*State v.*] *Becker*, [458 N.W.2d 604 (Iowa 1990)] when he reached for Merrill's hand."

*Id.* at 301 (emphasis added).

The supreme court then reviewed cases from other jurisdictions that considered whether the smell of burnt marijuana standing alone provides probable cause for a warrantless search. *Id.* at 301-02. It found that a majority of states that had addressed the issue held that an officer's detection of the odor of marijuana, standing alone, constituted probable cause—though two states had held otherwise. *Id.*

---

[8] Later in the opinion, the court states: "[W]hen Merrill stepped out of the car [the officer] detected the smell of burnt marijuana. [The officer] also noticed that Merrill appeared to be trying to hide something in his hand." It is unclear from these two descriptions when the attempted concealment occurred. This inconsistency is significant as to what triggered the officer to search—smelling the marijuana as Merrill exited the vehicle or the furtive movement to hide something. If the officer had already asked Merrill to empty his pockets—which constitutes a search—based on smelling burnt marijuana before observing the furtive movement, then the furtive movement was not part of the probable cause for the search.

The Iowa Supreme Court concluded that it did not need to decide whether the odor of marijuana alone would be probable cause as the record evidenced an additional circumstance—furtive movement. *Id.*

The district court here also discussed the *Moriarty* case. In *Moriarty*, the supreme court discussed the *Merrill* opinion, stating:

> Defendant argues that the smell of burnt marijuana, standing alone, cannot give rise to probable cause. Defendant places reliance on our decision in *Merrill,* 538 N.W.2d at 302. In *Merrill* we held that the odor of burnt marijuana coupled with furtive movements by the defendant added up to probable cause. *Contrary to defendant's assertion, we did not hold that the odor of marijuana alone cannot give rise to probable cause.* We specifically noted that a majority of states addressing the issue have held that the odor of burnt marijuana alone may provide probable cause to justify a warrantless search. In the present case, however, as in *Merrill,* the odor in question was not the only factor in the officer's probable cause calculus. As noted above, he observed an unused alligator clip hanging from defendant's rearview mirror. We believe that this fact combined with the plain smell of burnt marijuana provided the officer with probable cause to search defendant's person.

*Moriarty*, 566 N.W.2d at 868–69 (emphasis added) (citation omitted).

Because *Merrill* and *Moriarty* had at least one other factor in addition to the odor of marijuana to support the probable-cause determination and the supreme court had not opined on this specific issue, the district court concluded "the governing body of law in Iowa has not adopted" the conclusion that the odor of marijuana alone is sufficient to justify a search.

In the State's motion to reconsider, the district court was directed to *State v. Watts*, 801 N.W.2d 845 (Iowa 2011). The court indicated it reviewed *Watts* and stated:

> The facts of *Watts* differ substantially from the instant case. The officers in *Watts* had obtained a search warrant after smelling the door jambs of an apartment complex. The instant case involves the

warrantless search of a pedestrian on an odor of marijuana when the defendant walked through a parking lot in which an officer was seated in a patrol vehicle.

We observe the district court missed the import of *Watts.*

In *Watts*, officers had stopped a motorist who had marijuana. 801 N.W.2d at 848. The motorist provided the officers with the address where he had obtained the marijuana, and officers then went to that apartment. *Id.* The officers knocked on the door and when the occupant, Watts, slightly opened the door, the officers were able to smell marijuana odor coming out by the door jamb. *Id.* at 848–49. Watts tried to retreat into the apartment, but the officers restrained him, entered the apartment, and observed marijuana in plain view. *Id.* at 849.

The officers applied for a search warrant based on the information from the motorist, the smell of marijuana coming out by the door jamb, and their observations of marijuana and packaging materials upon entering the apartment. *Id.* The magistrate crossed out and stated he was not relying on the information from the motorist. *Id.* The supreme court found that the officers did not have exigent circumstances to enter the apartment, therefore the information in the search warrant application regarding the officers observations upon entering the apartment could not form probable cause for issuance of the warrant. *Id.* at 850–51. The supreme court still found that the search warrant could be issued solely on probable cause of the officers statement of smelling marijuana coming out of the apartment by the door jamb. *Id.* at 853–54.

The district court attempted to distinguish the facts from *Watts*—that the marijuana odor in *Watts* was coming from an apartment and formed probable cause for issuance of a search warrant—from the present facts—the officer's

detection of the marijuana odor emanating from a pedestrian constituting probable cause to conduct a warrantless search of Carter's person.  It appears the district court determined there is a difference between probable cause to obtain a search warrant and probable cause to perform a warrantless search.

Both the Federal[9] and Iowa Constitutions[10] require probable cause to search.  Probable cause exists when the facts and circumstances within the arresting officer's knowledge would warrant a person of reasonable caution to believe that an offense is being committed.  *State v. Horton*, 625 N.W.2d 362, 364–65 (Iowa 2001).  In the context of a warrantless search, probable cause exists "when a reasonably prudent person would believe that evidence of a crime will be discovered in the place to be searched."  *Moriarty,* 566 N.W.2d at 868; *see generally* 2 Wayne R. LaFave, *Search and Seizure* § 3.2(c), at 38 (3d ed. 1996) (discussing necessity of viewing circumstances from standpoint of the officer, guided by his training, knowledge, and experience, rather than from the viewpoint of an average citizen).  The probable cause is the same to obtain a search warrant as it is to conduct a warrantless search.  *United States v. Ross*, 456 U.S. 798, 823 (1982) ("The scope of a warrantless search based on probable cause is no

---

[9] The Fourth Amendment to the United States Constitution states:
> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

[10] Article I, section 8 of the Iowa Constitute states:
> The right of the people to be secure in their persons, houses, papers and effects, against unreasonable seizures and searches shall not be violated; and no warrant shall issue but on probable cause, supported by oath or affirmation, particularly describing the place to be searched, and the persons and things to be seized.

narrower—and no broader—than the scope of a search authorized by a warrant supported by probable cause. Only the prior approval of the magistrate is waived; the search otherwise is as the magistrate could authorize.").

In *Johnson v. United States*, the United States Supreme Court discussed when the detection of an odor establishes sufficient probable cause for a magistrate to issue a search warrant. 333 U.S. 10, 13 (1948). There, the Court stated:

> If the presence of odors is testified to before a magistrate and he finds the affiant qualified to know the odor, and it is one sufficiently distinctive to identify a forbidden substance, this Court has never held such a basis insufficient to justify issuance of a search warrant. Indeed it might very well be found to be evidence of most persuasive character.

*Id.*

Considering *Johnson*, *Watts*, and *State v. Eubanks*, 335 N.W.2d 57, 59, (Iowa 1984), our court found the odor of marijuana by itself was adequate probable cause for a warrantless search, stating, "In addressing the smell of marijuana supporting a vehicle search, our supreme court has held "a trained officer's detection of a sufficiently distinctive odor, *by itself* or when accompanied by other facts, may establish probable cause." *State v. Stewart*, No. 17-0705, 2018 WL 2084832, at *2 (Iowa Ct. App. May 2, 2018) (emphasis added).

In *Eubanks*, the supreme court determined "[T]he patrolman clearly had sufficient probable cause to search the vehicle and its contents" based on the fact he "smelled the odor of marijuana drifting from the car when he approached defendant, who was seated behind the steering wheel." 355 N.W.2d at 59; *see also State v. Pickering*, No. 16-1272, 2017 WL 1405913, at *1 (Iowa Ct. App. Apr.

19, 2017) ("After initiating the traffic stop, the deputy detected the smell of marijuana wafting from the vehicle as the driver was exiting the vehicle. This is sufficient to establish probable cause to search further."); *State v. Gary*, No. 05-0597, 2006 WL 1409147, at *2 (Iowa Ct. App. Apr. 24, 2006) ("As [the officer] approached the vehicle, he noticed an odor of marijuana emanating from it. After asking Gary to exit the vehicle, the officer also smelled marijuana emanating directly from Gary's person. These observations ripened [the officer]'s reasonable suspicion into probable cause.").

Carter cites cases from several other states that have either rejected what he refers to as the "plain smell" rule,[11] or ruled that evidence of ingestion does not support continued possession so as to justify a search.[12] This court is, however, obligated to follow our supreme court's precedent. *See McElroy v. State*, 703 N.W.2d 385, 393 (Iowa 2005) (noting the court of appeals has "understandably . . . declined to tinker with [supreme court] precedents" on past occasions); *State v. Eichler*, 83 N.W.2d 576, 578 (Iowa 1957) ("If our previous holdings are to be overruled, we should ordinarily prefer to do it ourselves."); *State v. Hastings,* 466 N.W.2d 697, 700 (Iowa Ct. App. 1990) ("We are not at liberty to overturn Iowa Supreme Court precedent."). Cases from other jurisdictions are not compelling precedent on this issue.

---

[11] *State v. Hadley*, 410 P.3d 140, 151 (Kan. Ct. App. 2017).

[12] *State v. Flinchpaugh*, 659 P.2d 208, 211 (Kan. 1983) (ruling that once controlled substance is assimilated into the body, the person no longer has control over it); *State v. Lewis*, 394 N.W.2d 212 (Minn. Ct. App. 1986) (same); *see also State v. Thronsen*, 809 P.2d 941 (Alaska Ct. App. 1991); *State v. Vorm*, 570 N.E.2d 109 (Ind. Ct. App. 1991); *State v. Harris*, 632 S.E.2d 534 (N.C. Ct. App. 2006).

IV. Conclusion.

Iowa Supreme Court precedent holds that the odor of marijuana emanating from a person, by itself, when detected by a police officer, who has adequate knowledge and training to recognize the smell, constitutes probable cause. The district court incorrectly found otherwise and improperly granted Carter's motion to suppress. For this reason, we reverse the ruling of the district court and remand for further proceedings.

**REVERSED AND REMANDED.**