# IN THE COURT OF APPEALS OF IOWA

No. 22-0023
Filed December 20, 2023

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**TYRE DEWAYNE BROWN,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Odell G. McGhee II, District Associate Judge.

Tyre Brown appeals the district court's denial of his motion to suppress evidence obtained following a traffic stop. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Ashley Stewart, Assistant Appellate Defender, for appellant.

Brenna Bird, Attorney General, and Nicholas E. Siefert, Assistant Attorney General, for appellee.

Considered by Schumacher, P.J., Badding, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**SCOTT, Senior Judge.**

Tyre Brown appeals his conviction for carrying weapons, challenging the denial of his motion to suppress evidence. Brown contends the stopping officer improperly extended the seizure of the vehicle he was a passenger in and the gun found on his side of the vehicle should be suppressed. Upon our review, we affirm.

## I.    *Background Facts & Proceedings*

On May 25, 2021, Des Moines Police Officer Austin Finley was "conducting surveillance" at a residence as part of a drug trafficking investigation by the police department's vice/narcotic unit into the "distribution and sale of narcotics." Officer Finley observed a man leave the residence, enter the driver's side of a black vehicle, and "place[] a backpack in the backseat of the vehicle." Tyre Brown then entered the vehicle on the passenger side. Officer Finley followed the vehicle from the residence and observed what he believed to be a "street-level-narcotics transaction." As Officer Finley continued following the vehicle, he observed a traffic violation as the vehicle crossed the center line into oncoming traffic. At that point, Officer Finley "coordinated" with Officer Dao Meunsaveng "to initiate a traffic stop" because Officer Finley was not in a marked police vehicle.

After stopping the vehicle, Officer Meunsaveng smelled an odor of marijuana coming from it. Considering the marijuana odor, the driver's "nervous" demeanor and uncooperative behavior, as well as the ongoing narcotics investigation, Officer Meunsaveng called for backup. After the driver and Brown were removed from the vehicle, Officer Meunsaveng used his K-9 to sniff the outside of the vehicle. The K-9 alerted, indicating the presence of illegal drugs. Based on the K-9 alert, officers conducted a search of the vehicle, which revealed

packaged marijuana and cash in the backseat of the vehicle and a handgun under the passenger seat.  Brown, who occupied the passenger seat, told the officers the gun belonged to him.

The State filed a trial information charging Brown with carrying weapons, in violation of Iowa Code section 724.4(1) (2021).  Brown moved to suppress evidence of the gun found on the passenger side during the search as well as his statements admitting the gun was his.  Following a hearing, the district court denied his motion.  The parties stipulated to a trial on the minutes, following which the district court found Brown guilty as charged.  Brown appeals, challenging the suppression ruling.[1]

## II.    Standard of Review

"When a defendant challenges a district court's denial of a motion to suppress based upon the deprivation of a state or federal constitutional right, our standard of review is de novo."[2]  *State v. Hague*, 973 N.W.2d 453, 458 (Iowa 2022)

---

[1] After Brown filed his notice of appeal, a substitute court reporter was assigned to transcribe the court reporter's shorthand notes of the suppression hearing following her death in November 2021.  The notes were not capable of being transcribed.  The supreme court subsequently ordered several remands to the district court to create a statement of the proceedings.  *See* Iowa R. App. P. 6.806(1) ("A statement of the proceedings may be prepared to create a record of a hearing or trial for which a transcript is unavailable if a party deems it necessary to complete the record on appeal."), (3) ("The statement and any objections or proposed amendments shall be submitted to the district court for settlement and approval.").  The district court entered an order on January 24, 2023, noting in part, "The proposed versions of the recreation of the Motion to Suppress Hearing are basically congruent and are to be read together with the Findings of the Court listed in its Orders of September 27, 2021."  Although Brown discusses the statement of proceedings at length, we note he does not challenge the district court's resolution of the issue.

[2] Brown claims his state and federal constitutional rights to be free from an unreasonable seizure and search were violated.  See *State v. Tyler*, 830 N.W.2d

(quoting *State v. Brown*, 930 N.W.2d 840, 844 (Iowa 2019)). This means "[w]e review the entire record to independently evaluate the totality of the circumstances and examine each case 'in light of its unique circumstances.'" *Id.* (quoting *Brown*, 930 N.W.2d at 844). "We give considerable deference to the trial court's findings regarding the credibility of the witnesses, but are not bound by them." *State v. Tague*, 676 N.W.2d 197, 201 (Iowa 2004).

## III.    Discussion

Brown does not challenge Officer Meunsaveng's stop of the vehicle. Specifically, he "concedes that when a vehicle crosses the center line it is a traffic violation and provides probable cause to initiate a traffic stop, which was done in this case." But he claims the stop became unconstitutional when Officer Meunsaveng extended the detention of the driver and Brown beyond the time necessary to investigate the traffic violation. According to Brown, the extension of the stop transformed it into an unconstitutional seizure, rendering the subsequent search and discovery of the gun improper.

Brown's claim disregards other observations made by Officer Finley, who was investigating the driver for drug trafficking and had witnessed a potential drug transaction. *See Rife v. D.T. Corner, Inc.*, 641 N.W.2d 761, 770 (Iowa 2002) (discussing the shared-knowledge doctrine, which presumes the knowledge of one peace officer, when acting in concert with others, is shared by all). Moreover,

---

288, 291 (Iowa 2013) ("Both the Fourth Amendment to the United States Constitution and article I, section 8 of the Iowa Constitution prohibit unreasonable searches and seizures by the government."). However, he does not specifically request a different interpretation under the Iowa Constitution, so we generally apply the substantive federal standards. *See id.*

Officer Meunsaveng was within the initial inquiries of his traffic-stop investigation when he smelled marijuana. "An officer's reasonable investigation can be expanded if suspicions of unrelated criminal activity arise based on information learned from the initial inquiries." *State v. Johnson*, No. 22-1866, 2023 WL 7015342, at *2 (Iowa Ct. App. Oct. 25, 2023). "We do not ask law enforcement to ignore evidence they can see, hear, or smell because it [may be] unrelated to the specific reason for the traffic stop." *State v. Betsinger*, No. 21-1734, 2022 WL 16985840, at *3 (Iowa Ct. App. Nov. 17, 2022); *see also State v. Moriarty*, 566 N.W.2d 866, 868–69 (Iowa 1997) (finding an alligator clip hanging from the mirror and the smell of burnt marijuana was sufficient probable cause to search).

"An officer's detection of the smell of marijuana coming from a vehicle establishes probable cause to search the vehicle." *State v. Luckett*, No. 21-1808, 2022 WL 3064782, at *2 (Iowa Ct. App. Aug. 3, 2022); *accord State v. Eubanks*, 355 N.W.2d 57, 59 (Iowa 1984). Because Officer Meunsaveng's "observations were made within the lawful scope of the traffic stop, the smell of marijuana and resulting search of his vehicle did not violate [Brown's] constitutional rights." *See Betsinger*, 2022 WL 16985840, at *4. Accordingly, we affirm the district court's order denying Brown's motion to suppress.

**AFFIRMED.**