STATE of Iowa, Appellee,

v.

Emil J. WILLER, Appellant.

No. 55996.

Supreme Court of Iowa.

May 22, 1974.

James L. Waite, LeMars, for appellant.

Richard C. Turner, Atty. Gen., Darby Maria Coriden, Asst. Atty. Gen., and Robert Huibregste, Co. Atty., for appellee.

Submitted to MOORE, C. J., and Le-GRAND, REES, UHLENHOPP, and McCORMICK, JJ.

MOORE, Chief Justice.

In seeking reversal of his conviction of operating a motor vehicle while under the influence of intoxicants defendant asserts the trial court erred in (1) overruling his pretrial motion to suppress, (2) overruling his motion for directed verdict and (3) giving instruction. We affirm.

. Defendant was arrested about 10:50 p. m., March 17, 1972 by Hawarden policeman James Schwiesow after defendant's vehicle was observed veering on and off the public highway. After failing several dexterity tests defendant was arrested. The subsequent events give rise to the issues raised in defendant's motion to suppress. It was made, submitted and decided adversely to defendant prior to trial.

I. Defendant moved to suppress blood test evidence on the grounds (1) no written request was made by any officer pursuant to the provisions of Code section 321B.3, (2) the police officer was not qualified to administer any tests and (3) he did not consent to the taking of the blood test.

At the motion to suppress hearing defendant testified that at the arrest scene officer Schwiesow asked him if he would take a blood test and he consented because he feared loss of his operator's license if he refused. He testified no written request for a blood test was ever given to him. On cross-examination he denied

volunteering or asking for a blood test. He admitted signing a blood test authorization at the hospital where it was administered.

Officer Schwiesow testified he never requested a blood test at any scene of arrest and the subject was initiated by defendant rolling up his shirt sleeve and voluntarily requesting a blood test. He stated defendant was given no written request for a blood test.

The lower court overruled defendant's motion to suppress. In State v. Charlson, 261 Iowa 497, 154 N.W.2d 829, we held where a blood sample is taken at a defendant's request and without a written request of a peace officer there is substantial compliance with sections 321B.3 and 321B.4. See also State v. Wallin, Iowa, 195 N.W. 2d 95.

On trial defendant made no objection to testimony relating to taking of the blood sample and result of the test. It showed defendant's blood contained 233 milligrams alcohol per hundred cc.

■ Reversible error cannot be predicated on a trial court's denial of a motion to suppress. When the motion is overruled, the movant's position is preserved only by making proper and timely trial court objections. State v. Jensen, Iowa, 216 N.W.2d 369, 374; State v. Hinsey, Iowa, 200 N.W.2d 810, 817, 818, and citations.

■ We have repeatedly held that failure to object to admission of evidence waives any ground for complaint and any error in regard to its admission may not be raised for the first time on appeal. Absence of timely objections is a waiver of a claimed right to suppress evidence. State v. Boose, Iowa, 202 N.W.2d 368, 369; State v. Dwinells, 259 Iowa 945, 948–950, 146 N.W.2d 231, 235 and citations.

Defendant's first assigned error is untenable.

■ II. Defendant contends his motion for directed verdict should have been sustained. On such a motion the evidence must be viewed in the light most favorable to the State. The trial court should submit the cause to the jury and not direct a verdict if there is any substantial evidence reasonably tending to support the charge. State v. Pardock, Iowa, 215 N.W.2d 344, 346 and citations. There is such substantial evidence in the case at bar.

■ III. Before the final draft of instructions was read to the jury defense counsel made only this record: "Defendant excepts to giving any instructions to the jury, because the court erred in failing to sustain defendant's motion to direct."

Defendant for the first time on appeal attacks instruction 9 which is identical with the instructions struck down by this court in State v. Hansen, Iowa, 203 N.W. 2d 216, 218 and State v. Sloan, Iowa, 203 N.W.2d 225, 227.

Defendant must rest on the exception taken. By failing to make timely objections to instruction 9, defendant has preserved no error for appeal. State v. Joss, Iowa, 211 N.W.2d 320, 321; State v. Buchanan, Iowa, 207 N.W.2d 784, 787 and citations in each.

Defendant's lower court conviction and sentence must stand.

Affirmed.