# IN THE SUPREME COURT OF IOWA

No. 16–0267

Filed April 6, 2018

**STATE OF IOWA,**

      Appellee,

vs.

**MICHAEL SCHEFFERT,**

      Appellant.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Black Hawk County, Joseph M. Moothart (motion to suppress) and Nathan A. Callahan (trial), District Associate Judges.

The State seeks further review of a court of appeals decision suppressing the State's evidence. **DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**

Thomas J. Viner of Viner Law Firm, P.C., Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Brian Williams, County Attorney, and Molly Tomsha, Assistant County Attorney, for appellee.

**WIGGINS, Justice.**

This appeal involves a decision by the district court denying a motorist's motion to suppress evidence obtained after an officer stopped the motorist's vehicle for being on a county access road after hours. At trial, the district court convicted the motorist of possession of a controlled substance in violation of Iowa Code section 124.401(5) (2015). The motorist appealed, arguing the district court erred in denying his motion to suppress. We transferred the case to the court of appeals, which reversed the district court's denial of the motorist's motion to suppress. The State filed an application for further review.

When we first considered the State's application for further review, we disagreed with the court of appeals' reasoning, but we still found the officer did not have probable cause or reasonable suspicion to stop the motorist's vehicle when it was on a county access road after hours. We therefore vacated the decision of the court of appeals, reversed the judgment of the district court, and remanded the case for a new trial.

Thereafter, we granted the State's petition for rehearing and now withdraw our original opinion. Upon further consideration of the parties' arguments and the pertinent legal authorities, we find the officer had probable cause to stop the motorist's vehicle when it was on a county access road after hours. Accordingly, we vacate the decision of the court of appeals and affirm the judgment of the district court.

## I. Background Facts and Proceedings.

On May 30, 2015, at approximately 12:37 a.m., Deputy Tim Peterson with the Black Hawk County Sheriff's Department observed a vehicle on Beaver Valley Road in the Falls Access area. Falls Access is a county conservation property open to the public for hunting and fishing. Beaver Valley Road is a gravel road maintained by the county

conservation board. Deputy Peterson stopped the vehicle because he believed Michael Scheffert, the driver, was committing a crime by being in Falls Access after 10:30 p.m. Deputy Matthew Harris, who assisted Deputy Peterson with the stop, testified the hours in which the public may be in Falls Access is from 6 a.m. to 10:30 p.m.

After stopping Scheffert's vehicle, Deputy Peterson obtained Scheffert's consent to search the vehicle. During the search, Deputy Peterson found a marijuana pipe with residue and a prescription pill bottle that had a clear plastic bag containing marijuana. Scheffert told Deputy Peterson the marijuana belonged to him.

The State charged Scheffert with possession of a controlled substance (marijuana), second offense, in violation of Iowa Code section 124.401(5). Scheffert moved to suppress the evidence seized from the vehicle, contending the stop and search violated the Fourth Amendment of the United States Constitution and article I, section 8 of the Iowa Constitution.

At the hearing on the motion to suppress, Scheffert argued Deputy Peterson lacked either probable cause or reasonable suspicion to justify the stop. The thrust of Scheffert's argument at the hearing was that officials should have posted a sign displaying the park's hours in order to make his presence in Falls Access after hours illegal. Deputy Harris testified there had been signage to identify Falls Access at the intersection of Beaver Valley Road and North Union Road in the past, but it never had park hours posted on it. Deputy Harris did not recall whether there was a sign posted on May 30, the night of the stop. According to his conversation with a Black Hawk County conservation officer, there was not a sign posted on the day of the hearing on the

motion to suppress. There was no other evidence of signs regarding the Beaver Valley Road in the Falls Access area.

The State argued Deputy Peterson had probable cause to initiate a traffic stop because Scheffert was in a county park after hours. The State relied on Deputy Harris's testimony that the park closes at 10:30 p.m. The State also relied on sections 461A.46 and 350.5[1] of the Iowa Code to establish Deputy Peterson had probable cause to stop Scheffert. The State contended,

> The signage on the night in question is irrelevant. It doesn't matter whether or not the sign was posted that night, and [the State was] not aware of any authority that requires a sign to be posted. The fact is that [Scheffert] was there after hours.

The district court denied Scheffert's motion to suppress. After a trial on the minutes of testimony, the district court convicted Scheffert of possession of a controlled substance (marijuana), second offense. Scheffert appealed, arguing the district court erred in failing to suppress the evidence. We transferred the case to the court of appeals. The court of appeals reversed the denial of Scheffert's motion to suppress. The State sought further review, which we granted.

When we first considered the State's application for further review, we disagreed with the court of appeals' reasoning, but we nevertheless found the officer did not have probable cause or reasonable suspicion to stop the motorist's vehicle when it was on a county access road after hours. We thus vacated the decision of the court of appeals, reversed the judgment of the district court, and remanded the case for a new trial.

---

[1]The State also relied on section 805.8B, which provides that violating section 461A.46 is a misdemeanor. *See* Iowa Code § 805.8B(6)(*b*). Although section 805.8B makes a violation of section 461A.46 a misdemeanor, it does not create an independent ground for the officer to stop Scheffert.

The State filed a petition for rehearing, which we granted.

## II.  Issue.

We consider whether the stop of Scheffert's vehicle was contrary to the protections of the Fourth Amendment of the United States Constitution or article I, section 8 of the Iowa Constitution.

## III.  Scope of Review.

Our review of constitutional claims is de novo.  *State v. Tague,* 676 N.W.2d 197, 201 (Iowa 2004).  We make an "independent evaluation of the totality of the circumstances as shown by the entire record."  *Id.* (quoting *State v. Turner,* 630 N.W.2d 601, 606 (Iowa 2001)).  We give deference to the district court's factual findings, but they do not bind us. *Id.*

## IV.  Analysis.

At the hearing, the State relied on Iowa Code sections 461A.46 and 350.5 to establish Deputy Peterson had probable cause to stop Scheffert's vehicle for being on Beaver Valley Road in the Falls Access area after 10:30 p.m.  The State argued, "Deputy Peterson did have probable cause to stop him because he was in a county park after closing hours.  The signage on the night in question is irrelevant."  The State further contended it was "not aware of any authority that requires a sign to be posted."  The State maintains this argument in its briefing on appeal.

In its ruling on Scheffert's motion to suppress, the district court concluded "the stop of the defendant's vehicle was based on specific and articulable cause to reasonably believe that the defendant was operating his vehicle in a county access area after hours," and "the defendant's vehicle could legally be stopped as it was entering or approaching the

county access area at [1]2:37 a.m. on the only road into the area." Despite its conclusion, the district court acknowledged,

> A sign that had been posted on Beaver Valley Road identified Falls Access as a county access area. No park hours were indicated on the sign. The sign may not have been up on August 27, 2015[, which is when Scheffert filed his motion to suppress] and was not up on the date of the [motion to suppress] hearing.

The district court determined Scheffert violated the Code by entering Falls Access at 12:37 a.m. regardless of whether there was a sign posted to identify the county access area or the park hours. Thus, the district court denied Scheffert's motion to suppress.

In *Tague*, which we decided under the Iowa Constitution, we applied the federal standards of probable cause and reasonable suspicion under the Fourth Amendment to article I, section 8 of the Iowa Constitution. *Id.* at 201, 204, 206. An officer has probable cause to stop a motorist when he or she observes a violation of our traffic laws no matter how minor the offense may be. *Id.* at 201. If the officer has reasonable suspicion to believe criminal activity has occurred or is occurring, he or she may stop a vehicle and briefly detain the driver for investigatory purposes. *Id.* at 204. If the driver challenges the stop claiming the officer did not have reasonable suspicion, it becomes the State's burden to "show by a preponderance of the evidence that the stopping officer had specific and articulable facts, which taken together with rational inferences from those facts, to reasonably believe criminal activity may have occurred." *Id.*

The State relies on sections 461A.46 and 350.5 of the Iowa Code to support the stop. Section 461A.46 provides in relevant part,

> Except by arrangement or permission granted by the director or the director's authorized representative, all

persons shall vacate state parks and preserves before 10:30 p.m. Areas may be closed at an earlier or later hour, of which notice shall be given by proper signs or instructions.

Iowa Code § 461A.46.

Our court of appeals found this section was not applicable to county conservation property open to the public for hunting and fishing under the control of the county conservation board. We disagree with the court of appeals' interpretation of section 461A.46 for the reasons stated later in this opinion.

The next section relied upon by the State is Iowa Code section 350.5. This section is applicable to county parks, such as the one where the officer stopped Scheffert. *See id.* § 350.1. One of the powers of the county conservation board is to make rules and regulations governing county parks. The Code provides in relevant part,

> The county conservation board may make, alter, amend[,] or repeal regulations for the protection, regulation, and control of all museums, parks, preserves, parkways, playgrounds, recreation centers, and other property under its control. The regulations shall not be contrary to, or inconsistent with, the laws of this state. The regulations shall not take effect until ten days after their adoption by the board and after their publication as provided in section 331.305 and after a copy of the regulations has been posted near each gate or principal entrance to the public ground to which they apply. After the publication and posting, a person violating a provision of the regulations which are then in effect is guilty of a simple misdemeanor.

*Id.* § 350.5.

The State contends one of the rules allegedly made by the county conservation board was a 10:30 p.m. closing time for the area where the officer found Scheffert's vehicle. The State argues if Scheffert was at that location after closing time, the officer not only had reasonable suspicion

to believe criminal activity was occurring but also had probable cause to stop Scheffert's vehicle for being at the location after hours.

The court of appeals concluded the district court had no evidence of the county park hours. It found the State failed to present evidence of the purported county regulation setting the 10:30 p.m. closing time and declared judicial notice may not be taken of an ordinance. Further, the court of appeals reasoned the State must plead and prove the ordinance or at least make the ordinance a part of the record in the trial court. We disagree with this analysis.

The court of appeals appears to rely on a section of the Code establishing the foundation requirements for an ordinance to be admissible as evidence in a court proceeding. This section states,

> 1. The printed copies of a city code and of supplements to it which are purported or proved to have been compiled pursuant to section 380.8 shall be admitted in the courts of this state as presumptive evidence of the ordinances contained therein. When properly pleaded, the courts of this state shall take judicial notice of ordinances contained in a city code or city code supplement.

> 2. The printed copies of an ordinance of any city which has not been compiled in a city code or a supplement pursuant to section 380.8 but which has been published by authority of the city, or transcripts of any ordinance, act, or proceeding thereof recorded in any book, or entries on any minutes or journals kept under direction of the city, and certified by the city clerk, shall be received in evidence for any purpose for which the original ordinances, books, minutes, or journals would be received, and with the same effect. The clerk shall furnish such transcripts, and be entitled to charge therefor at the rate that the clerk of the district court is entitled to charge for transcripts of records from that court.

> 3. The actions of any court of this state in taking judicial notice of the existence and content of a city ordinance in any proceeding which was commenced between the first day of July[ ] 1973, and April 17, 1976, shall be

conclusively presumed to be lawful, and to the extent required by this section, this section is retroactive.

*Id.* § 622.62.

Iowa Code section 622.62 is a statutory rule of evidence governing the admissibility of an ordinance at trial. *City of Cedar Rapids v. Cach*, 299 N.W.2d 656, 659 (Iowa 1980). It is well-settled law that if a party fails to object to the admission of evidence, the party waives any ground for complaint, and the party cannot raise any error concerning its admission for the first time on appeal. *State v. Willer*, 218 N.W.2d 605, 607 (Iowa 1974). We have applied this law when a party fails to properly object and preserve the admissibility of an ordinance at trial. *See Robertson v. Carlgren*, 211 Iowa 963, 969, 234 N.W. 824, 827 (1931) (holding that when a party fails to assign grounds at trial for the inadmissibility of an ordinance, we will not consider it for the first time on appeal).

At trial, Deputy Harris testified without objection that Falls Access closed at 10:30 p.m. Thus, the State established the county rule mandating the closure of Falls Access at 10:30 p.m. If Scheffert had objected on the grounds the State had to comply with section 622.62 to prove the foundation for the admissibility of an ordinance establishing the 10:30 p.m. closing time and the court had sustained the objection, the State would have had the opportunity to make the foundation for admitting the ordinance in order to establish the closing time. However, because Scheffert raised no objection to the district court's admittance of the closing hours into evidence, we find the record is sufficient to show that the closing time of Falls Access is 10:30 p.m.

However, this does not end our inquiry. At trial and on appeal, Scheffert argues there can be no violation unless the county conservation

board posted the closing time. In other words, without such a posting, the county ordinance did not take effect.

Relevant to this analysis, we again examine Iowa Code section 350.5, which states,

> *The regulations shall not take effect until* ten days after their adoption by the board and after their publication as provided in section 331.305 and *after a copy of the regulations has been posted near each gate or principal entrance to the public ground to which they apply.* *After* the publication and *posting, a person violating a provision of the regulations which are then in effect is guilty of a simple misdemeanor.*

Iowa Code § 350.5 (emphasis added).

The statute clearly and unambiguously states there is no criminal violation under the county ordinance until the county conservation board posts the regulation. Here, it requires the county conservation board to post the 10:30 p.m. closing time "near each gate or principal entrance" of Falls Access before a criminal violation can take place. The evidence is clear the State never proved by a preponderance of the evidence that the conservation board properly or actually even posted the closing time of Falls Access. Factually, the State never argued the conservation board ever posted the closing time. Legally, the district court found the conservation board did not have to post a closing time for a violation to occur. Without the conservation board properly posting the closing time, the county ordinance did not take effect. Therefore, the State cannot use the county ordinance to justify the stop by the officer. However, for reasons we discuss later in this opinion, the default 10:30 p.m. closing time in section 461A.46 applies here.

The State then argues the officer made a mistake of law when he determined the conservation board did not have to post a closing time for a violation to occur. Neither party raised mistake of law in the district

court. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided in the district court before we will decide them on appeal."). Even if the State had raised mistake of law in the district court, thereby preserving error, this defense has no merits.

On appeal, the State raises mistake of law in its brief but only cites authority under the United States Constitution. Scheffert raised both the United States and Iowa Constitutions in his motion to suppress. We choose to analyze the mistake-of-law question under the Iowa Constitution. We have previously considered mistake-of-law claims under the Iowa Constitution. *See State v. Tyler*, 830 N.W.2d 288, 294–96, 298 (Iowa 2013). The State has the burden of proof to show the officer was justified in stopping the vehicle. *Id.* at 293. We held in *Tyler* that a mistake of law is not sufficient to meet the State's burden to justify a stop.[2] *Id.* at 294.

---

[2]After our decision in *Tyler*, the United States Supreme Court decided that a *reasonable* mistake of law could support reasonable suspicion for a traffic stop. *Heien v. North Carolina*, 574 U.S. ___, ___, 135 S. Ct. 530, 539–40 (2014). Thus, the mistake-of-law doctrine is broader under the United States Constitution than it is under the Iowa Constitution. *See id.* at ___, 135 S. Ct. at 539–40.

In *Heien*, an officer dealt with an ambiguous statute regarding the number of required working brake lights. *Id.* at ___, 135 S. Ct. at 540. Reading the statute to require that all brake lights needed to be working, the officer stopped the vehicle. *Id.* at ___, 135 S. Ct. at 540. The Supreme Court held the Fourth Amendment tolerates a mistake of law as long as the mistake is *objectively reasonable*. *Id.* at ___, 135 S. Ct. at 539. Subsequent to *Heien*, we reaffirmed *Tyler*. *See State v. Coleman*, 890 N.W.2d 284, 298 n.2 (Iowa 2017) ("[T]he ruling in *Tyler* under the Iowa Constitution is unaffected by *Heien*.").

We note, however, that the United States Constitution limits the mistake-of-law defense. "An officer can gain no Fourth Amendment advantage through a sloppy study of the laws he is duty-bound to enforce." *Heien*, 574 U.S. at ___, 135 S. Ct. at 539–40. "*Heien* does not support the proposition that a police officer acts in an objectively reasonable manner by misinterpreting an *unambiguous* statute." *United States v. Stanbridge*, 813 F.3d 1032, 1037 (7th Cir. 2016).

In a petition for rehearing filed by the State, it contends Iowa Code section 350.10 resolves the section 350.5 issue. Section 350.10 provides,

> Sections 461A.35 through 461A.57 apply to all lands and waters under the control of a county conservation board, in the same manner as if the lands and waters were state parks, lands, or waters. As used in sections 461A.35 through 461A.57, "natural resource commission" includes a county conservation board, and "director" includes a county conservation board or its director, with respect to lands or waters under the control of a county conservation board. However, sections 461A.35 through 461A.57 may be modified or superseded by rules adopted as provided in section 350.5.

Iowa Code § 350.10 (emphasis omitted).

The State failed to cite section 350.10 in the district court, court of appeals, or supreme court proceedings. It was not until it filed its petition for rehearing that the State cited section 350.10. Normally we do not consider an argument made for the first time in a petition for rehearing. However, the State consistently argued below and throughout the appeal that the 10:30 p.m. closing time in section 461A.46 applies to Scheffert.[3]

---

Other courts applying the principles of *Heien* have refused to find that a mistake of law is objectively reasonable when the statute the officer relies on is clear on its face as to what the law says. *See, e.g.*, *United States v. Alvarado-Zarza*, 782 F.3d 246, 249–50 (5th Cir. 2015) (holding officer's legal error was not objectively reasonable when he stopped vehicle on the ground that motorist failed to turn on a signal 100 feet in advance of changing lanes); *State v. Stoll*, 370 P.3d 1130, 1135 (Ariz. Ct. App. 2016) (holding officer's mistake of law that vehicle's white license plate lamp violated statute generally requiring red rear-mounted lights was not a objectively reasonable mistake of law that justified the investigatory stop); *State v. Rand*, 209 So. 3d 660, 667 (Fla. Dist. Ct. App. 2017) (holding an officer's mistaken belief as to the closing time of the school track was not an objectively reasonable mistake of law); *State v. Tercero*, 467 S.W.3d 1, 11 (Tex. App. 2015) (holding officer's drawing of blood without a warrant was not a objectively reasonable mistake of law because a nonconsensual blood draw violated Tercero's Fourth Amendment rights).

[3]We note the State has never argued below that if section 350.5 did require posting and such posting did not occur, the closing time would default to the 10:30

Originally, we disagreed with the State's contention because we were unaware of the existence of section 350.10. Now that the State has made us aware of this section, we must include it in our analysis because it specifically references section 461A.46 and supports the State's argument that the 10:30 closing time in section 461A.46 applies to Scheffert.[4]

Section 350.10 clearly states that the 10:30 p.m. closing time in section 461A.46 applies to the area where the officer found Scheffert's vehicle if the county conservation board has not modified or superseded by rule this closing time. Although the county conservation board attempted to supersede the closing time in section 461A.46 by rule, the rule contained in its ordinance never took effect because the board failed to post it as required by section 350.5. Thus, at the time the officer stopped Scheffert, the closing time was 10:30 p.m. in the area where the officer found Scheffert's vehicle. The officer stopped Scheffert after 10:30 p.m. Accordingly, at the time of the stop, the officer had probable cause to stop Scheffert's vehicle under the Iowa Constitution.

## V. Disposition.

Because the State proved the officer had probable cause to stop Scheffert's vehicle, we conclude the district court properly denied Scheffert's motion to suppress. Thus, we vacate the decision of the court of appeals and affirm the judgment of the district court.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**

---

p.m. closing time in section 461A.46 based on the language of section 350.10. Rather, the State merely argued the closing time in section 461A.46 controls here.

[4]This is not a situation in which the State failed to make an argument at the district court. Rather, it is a situation in which the State made the proper general argument at the district court, but we failed to apply a relevant statute.