# IN THE COURT OF APPEALS OF IOWA

No. 18-1888
Filed September 11, 2019

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**JOSEPH W. WHITE,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Warren County, Kevin Parker, District Associate Judge.

Joseph White appeals the denial of his motion to suppress. **AFFIRMED.**

Robert G. Rehkemper of Gourley, Rehkemper, & Lindholm, P.L.C., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Joseph White appeals the denial of his motion to suppress the evidence obtained following the warrantless stop of his vehicle. Because the trooper had reasonable suspicion of an inoperative headlamp to stop the vehicle, we affirm.

At about 11:30 p.m. on June 22, 2018, Trooper Matthew Struecker was traveling south on R-45 in Warren County when he observed an oncoming vehicle with one of its headlights out. Trooper Struecker turned his vehicle around and initiated a traffic stop. Once the vehicle stopped, the trooper approached and asked the driver, White, for his license, registration, and insurance. White could not provide his registration. When White asked why he was stopped, Trooper Struecker stated, "One of the headlights [was] out."[1] The officer could smell alcoholic beverages and asked White to accompany him to the patrol vehicle where the trooper issued a warning to White for failure to carry a registration card and for the faulty headlight. The trooper requested White perform field sobriety tests, which he failed. The trooper arrested White.

White was subsequently charged with operating a motor vehicle while under the influence, second offense. White filed a motion to suppress, asserting the traffic stop was without probable cause or reasonable suspicion.

A hearing was held on the motion to suppress. Trooper Struecker testified he stopped White's vehicle because a headlight was out. He acknowledged that

---

[1] Iowa Code section 321.385 (2018) provides, "Every motor vehicle . . . shall be equipped with at least two headlamps with at least one on each side of the front of the motor vehicle, which headlamps shall comply with the requirements and limitations set forth in this chapter."

it was difficult to tell if both headlamps were working from the patrol car video, but he was "a hundred percent positive that one of the headlights was out."

White's girlfriend was a passenger in the vehicle the night of the stop. She testified the vehicle was released to her after White's arrest. She drove the vehicle to White's house and did not "notice any deficiency in the lights on my way home." She photographed the vehicle's headlamps at about 1:15 a.m. on June 23. Photographs and video recordings were admitted into evidence. The still shots indicate the passenger side headlamp was much dimmer than the driver side headlamp. She and White recorded a video on June 26 of the vehicle headlamps illuminating White as he walked away and measured 100 feet from the vehicle. White testified he was driving on the evening of June 22 and found oncoming traffic was sufficiently illuminated and he had no concerns about the vehicle's lighting.

The district court denied the motion to suppress, concluding the trooper had cause to stop White's vehicle for an inoperative headlamp.[2] White waived a jury trial and agreed to a trial on the minutes. The court adjudged White guilty and imposed sentence.

On appeal, White challenges the denial of his motion to suppress, contending the stop of his vehicle was not supported by probable cause and consequently violated the Fourth Amendment and article I, section 8 of the Iowa Constitution.

---

[2] The court stated, "Trooper Struecker had cause to stop White's vehicle due to a violation of Iowa Code section 321.409." Section 321.409(1)(b) requires low beam or composite beam headlamps provide illumination of "sufficient intensity to reveal persons and vehicles at a distance of at least one hundred feet ahead."

White asserts his state and federal constitutional rights to be free from unreasonable search and seizure were violated. We review constitutional issues de novo. *State v. Tyler*, 830 N.W.2d 288, 291 (Iowa 2013). "We make an 'independent evaluation of the totality of the circumstances as shown by the entire record.'" *State v. Scheffert*, 910 N.W.2d 577, 581 (Iowa 2018) (quoting *State v. Tague*, 676 N.W.2d 197, 201 (Iowa 2004)). "We give deference to the district court's factual findings, but they do not bind us." *Id.*

Both the federal and state constitutions prohibit unreasonable searches and seizures by the government. *State v. Kinkead*, 570 N.W.2d 97, 100 (Iowa 1997) ("The Fourth Amendment to the United States Constitution and article I, section 8 of the Iowa Constitution protect individuals against unreasonable searches and seizures by government officials."). Because White has not proposed a standard for interpreting our search and seizure provisions under the Iowa Constitution differently from its federal constitutional counterpart, we apply the general standards as outlined by federal case law. *State v. Bruegger*, 773 N.W.2d 862, 883 (Iowa 2009).

"A traffic stop is unquestionably a seizure under the Fourth Amendment." *Tyler*, 830 N.W.2d at 292 (citing *Berkemer v. McCarty*, 468 U.S. 420, 436–37 (1984)). Under the Fourth Amendment, the United States Supreme Court has recognized that allowing law enforcement unbridled discretion in stopping vehicles "would invite intrusions upon constitutionally guaranteed rights." *Delaware v. Prouse*, 440 U.S. 648, 661 (1979) (quoting *Terry v. Ohio*, 392 U.S. 1, 22 (1968)).

The State argues the trooper's vehicle stop may be supported under either probable cause or reasonable suspicion theories. If a traffic violation actually

occurred and the officer witnessed it, the State has established probable cause. *Tague*, 676 N.W.2d at 201. Upon our de novo review, and giving deference to the trial court's implied finding that the trooper was credible in his testimony that he observed an inoperable headlamp, we conclude there was probable cause to stop the vehicle. *See State v. Storm*, 898 N.W.2d 140, 144 (Iowa 2017) ("We give deference to the district court's fact findings due to its opportunity to assess the credibility of the witnesses, but we are not bound by those findings." (citation omitted)).

In any event, "a mistake of fact may justify a traffic stop." *Tyler*, 830 N.W.2d at 294. "The . . . question is whether [the officer's] mistake was an objectively reasonable one." *State v. Lloyd*, 701 N.W.2d 678, 681 (Iowa 2005). The trooper's vehicle video is not particularly helpful due to the glare from the oncoming headlamps. However, when reviewed carefully, it does appear the passenger side light is dimmer. The photograph submitted by White shows that of the two lights on the passenger side, the dimmer side light is illuminated but the central headlamp is not. We conclude Trooper Struecker's belief that a headlamp was inoperative was objectively reasonable and we affirm the denial of the motion to suppress.

**AFFIRMED.**