# IN THE COURT OF APPEALS OF IOWA

No. 22-0557
Filed October 19, 2022

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**RAYSHAUN DEON FRIEND,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Linn County, Russell G. Keast (motion to supress), District Associate Judge, and Christopher L. Bruns (judgment and sentence), Judge.

Rayshaun Friend appeals the denial of his motion to suppress, claiming officers did not have reasonable suspicion for a traffic stop. **AFFIRMED.**

David R. Fiester, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**VAITHESWARAN, Presiding Judge.**

Cedar Rapids police officers noticed a vehicle with a temporary license plate tag that they believed to have a fraudulent expiration date. They activated their emergency lights. The vehicle turned into a parking lot without stopping and continued on its way. The officers activated their sirens. The vehicle proceeded down the road but eventually stopped. The driver was identified as Rayshaun Friend. He had a suspended license.

Officers removed Friend from the vehicle, handcuffed him, searched the vehicle, and searched him. They found marijuana in his pocket.

The State charged Friend with possession of a controlled substance (marijuana) with the penalty enhanced based on a prior conviction. Friend filed a motion to suppress evidence gained following the stop. He claimed the officers "[a]t the time of the stop[,] did not have a reasonable and articulable suspicion that criminal activity was afoot." Friend cited an Iowa policy extending the validity of temporary tags in light of the COVID-19 pandemic.

In its resistance to the motion, the State conceded the officers were "mistaken[]" in their belief that the "temporary tag . . . was fraudulent." Nonetheless, the State asserted the officers "had probable cause to initiate a traffic stop" based on Friend's failure "to yield the right of way" to an emergency vehicle.

Friend and the State waived a formal hearing and agreed to consideration of the motion on written arguments as well as squad car and body camera videos. The district court denied the suppression motion.

The court reasoned:

> It is clear that the vehicle did not immediately pull to the side of the road as required by Iowa Code Section 321.324(2) [(2021)[1]] . . . . At the time the officers activated their emergency lights, they were directly behind [Friend's] vehicle. From the evidence presented, there appears to be no obstructions that would prevent [Friend] from immediately pulling to the side of the road as required by law. [Friend's] failure to yield to the police car for two and a half blocks does create an intervening and independent justification for a vehicle stop.

Friend stipulated to a trial on the minutes of testimony. The court found him guilty as charged and imposed conviction, judgment, and sentence.

On appeal, Friend contends "the stop was based on a mistake of law" and, accordingly, "the subsequent search of the vehicle or his person was improper and in violation of his rights guaranteed by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution as well as [a]rticle I, [s]ections 8 and 10 of the Iowa Constitution."[2] As noted, the State conceded that the stop could not be supported by the officers' mistaken belief concerning the validity of the temporary tag. The State now suggests a reasonable mistake of law might provide reasonable suspicion for a traffic stop. The State relies on *Heien v. North Carolina*,

---

[1] The provision states:

> Upon the immediate approach of an authorized emergency vehicle with any lamp or device displaying a red light or red and blue lights, or an authorized emergency vehicle of a fire department displaying a blue light, or when the driver is giving audible signal by siren, exhaust whistle, or bell, the driver of every other vehicle shall yield the right-of-way and shall immediately drive to a position parallel to, and as close as possible to, the right-hand edge or curb of the highway clear of any intersection and shall stop and remain in such position until the authorized emergency vehicle has passed, except when otherwise directed by a police officer.

[2] Friend ties the legality of the search to the legality of the stop. He does not make any independent arguments concerning the search that uncovered the marijuana.

574 U.S. 54, 61 (2014), in which the United States Supreme Court stated, "[t]here is no reason, under the text of the Fourth Amendment or our precedents, why [reasonable suspicion] should be acceptable when reached by way of a reasonable mistake of fact, but not when reached by way of a similarly reasonable mistake of law." The language does indeed support the State's suggestion. But Iowa has gone in a different direction. As Friend points out, the supreme court held "a mistake of law is not sufficient to justify a stop." *State v. Tyler*, 830 N.W.2d 288, 294 (Iowa 2013); *see also State v. Louwrens*, 792 N.W.2d 649, 654 (Iowa 2010) ("[W]e conclude the district court properly granted [the defendant's] motion to suppress because the officers' mistake of law cannot provide the necessary probable cause to justify the traffic stop at issue in this case."). The court reaffirmed that position following *Heien*. *See State v. Scheffert*, 910 N.W.2d 577, 585 n.2 (Iowa 2018); *see also State v. Coleman*, 890 N.W.2d 284, 298 n.2 (Iowa 2017); *Baldwin v. Estherville*, 333 F. Supp. 3d 817, 837 (N.D. Iowa 2018) (discussing difference between federal and state constitution on mistake of law). The court stated:

> After our decision in *Tyler*, the United States Supreme Court decided that a *reasonable* mistake of law could support reasonable suspicion for a traffic stop. *Heien*[, 574 U.S. at 61]. Thus, the mistake-of-law doctrine is broader under the United States Constitution than it is under the Iowa Constitution. *See id.* at [65–66].
> . . . . Subsequent to *Heien*, we reaffirmed *Tyler*. *See State v. Coleman*, 890 N.W.2d 284, 298 n.2 (Iowa 2017) ("[T]he ruling in *Tyler* under the Iowa Constitution is unaffected by *Heien*.").

*Scheffert*, 910 N.W.2d at 585 n.2.

In light of the court's pronouncement, we conclude the officers' mistake of law could not support the traffic stop under the Iowa Constitution.

That said, Friend engaged in a traffic violation by failing to stop for an emergency vehicle. *See State v. Harrison*, 846 N.W.2d 362, 365 (Iowa 2014) ("When a[n] . . . officer observes a traffic offense, however minor, the officer has probable cause [and reasonable suspicion] to stop the driver of the vehicle."). While the officers made a mistake of law in activating the lights, "[t]he motivation of the officer stopping the vehicle is not controlling in determining whether reasonable suspicion existed" and "[t]he officer is therefore not bound by his real reasons for the stop." *Id.* at 366 (quoting *State v. Kreps*, 650 N.W.2d 636, 641 (Iowa 2002)); *State v. Dvorak*, No. 04-0485, 2005 WL 291947, at *2 (Iowa Ct. App. Feb. 9, 2005) ("[T]here was reasonable cause to stop [the defendant] for failing to yield to an emergency vehicle with its emergency lights on in violation of Iowa Code section 321.324. It is irrelevant for purposes of the objective test we use in determining the reasonableness of traffic stops that this was not the reason [the officer] expressed for pulling him over."). As the United States Supreme Court stated, "[u]nlawful orders will not be deterred . . . by sanctioning through the exclusionary rule those of them that are not obeyed." *California v. Hodari D.*, 499 U.S. 621, 627 (1991).

In reaching that conclusion, we find it unnecessary to decide whether the "new crime exception" to the warrant requirement cited by the State always applies following an officer's mistake of law. That exception, characterized as "relatively obscure and rarely invoked," has "not been universally endorsed" because it may require a "bootstrap analysis." *State v. Wilson*, 968 N.W.2d 903, 915, 917 (Iowa 2022) (citing *Jones v. State*, 745 A.2d 856, 873–74 (Del. 1999)). At the same time, the exception was recently applied in the home entry context. *Id.* at 917. The court

cited precedent articulating "strong policy reasons" underlying the rule and "noting that a contrary rule would virtually immunize a defendant from prosecution for all crimes the defendant might commit that have a sufficient causal connection to the police misconduct." *Id.* (citing *State v. Dawdy*, 533 N.W.2d 551, 555 (Iowa 1995)). That precedent did not explicitly refer to the "new crime exception." The court simply stated, "Even though an initial arrest is unlawful, a defendant has no right to resist the arrest. If the defendant does so, probable cause exists for a second arrest for resisting." *Dawdy*, 533 N.W.2d at 555. The court held, "Because [the defendant's] resistance provided an independent ground for [the defendant's] arrest, the search of his person was valid as a search incident to an arrest." *Id.* at 556. As in *Dawdy*, our conclusion is narrow. Because Friend's traffic violation furnished an independent basis to stop the vehicle, we affirm the district court's denial of Friend's suppression motion and his conviction, judgment, and sentence.

**AFFIRMED.**