# IN THE COURT OF APPEALS OF IOWA

No. 21-1512
Filed November 17, 2022

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MICHAEL THOMAS HEGGEBO,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Bradley J.

Harris, Judge.


        The defendant claims the weight of the evidence is contrary to his conviction

for willful injury causing serious injury.  **AFFIRMED.**


        Patrick W. O'Bryan, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Sharon K. Hall (until withdrawal)

and Thomas E. Bakke, Assistant Attorneys General, for appellee.


        Considered by Bower, C.J., Tabor, J., and Potterfield, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2022).

**POTTERFIELD, Senior Judge.**

A jury convicted Michael Heggebo of willful injury causing serious injury. He appeals, arguing the greater weight of the credible evidence shows he was acting in self-defense and had no intention of seriously injuring Derrius Hollis.[1] Heggebo's argument boils down to the claim he was justified in punching Hollis (who was immediately knocked unconscious), punching him a second time, then lifting Hollis's body and slamming his head into the cement before stomping on Hollis's head twice because Hollis inserted himself into Heggebo's conversation and threw the first punch—which did not land.

The district court denied Heggebo's motion for new trial, ruling:

> The court had an opportunity to hear all of the evidence in this case and viewing the record in its entirety the court determines that the verdict was not contrary to the weight of the evidence in this matter.
> In particular, I would point out, and the defense raises the issue of the credibility of the two women on the scene and wants the court to follow the testimony of Mr. Harrington as being the accurate

---

[1] The State also responds to another argument it believes Heggebo is raising—whether there is sufficient evidence to support the specific-intent element of the crime. Because Heggebo has only one heading in his appellate brief, we understand him to be raising just one legal issue. *See* Iowa R. App. P. 6.903(2)(g) (requiring the argument section to be "structured so that each issue raised on appeal is addressed in a separately numbered division"). Within his single argument section, Heggebo used the word "sufficiency" (and mentions his motion for judgment of acquittal) but all of his cites to authority and other parts of his argument relate to his request for new trial based on the weight of the evidence. Insofar as Heggebo intended to raise an argument about the sufficiency of the evidence, we find it waived. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue.").

Additionally, Heggebo broadly claims "the verdict was based on impermissible jury sympathy stemming from the graphic photos of [Hollis] taken in the hospital." But Heggebo did not object to the admission of any photographs at trial; any alleged error was waived. *See State v. Scheffert*, 910 N.W.2d 577, 583 (Iowa 2018) ("It is well-settled law that if a party fails to object to the admission of evidence, the party waives any ground for complaint, and the party cannot raise any error concerning its admission for the first time on appeal.").

testimony.  As the court recalls the testimony of Mr. Harrington, his testimony was that the victim in this matter was unconscious.  At that point [Heggebo] picked him up and slammed his head into the pavement.  After that it was Mr. Harrington's testimony that he saw the victim's eyes roll back in his head at which time the defendant stomped on the victim's head multiple times, and whether it is once, twice or a dozen times, that type of behavior, slamming someone—an unconscious person's head into the pavement, stomping on a person's head whose eyes are rolling in the back of the head certainly shows that intent to cause a serious injury.  And it certainly is not justified because it is not—it is not a reasonable use of force at that point when a person is helpless, unconscious, with their eyes rolling in the back of their head.

The verdict in this matter is not contrary to the evidence, and the motions for new trial and motion in arrest of judgments are denied.

We find no abuse of discretion by the district court, *see State v. Ary*, 877 N.W.2d 686, 706 (Iowa 2016), and affirm without further opinion.  *See* Iowa Ct. R. 21.26(1)(a), (d), (e).

**AFFIRMED.**