# IN THE COURT OF APPEALS OF IOWA

No. 24-0352
Filed July 23, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**GATKEK DUAL LIETH,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Woodbury County, Patrick H. Tott, Judge.

        A defendant appeals the district court's denial of his motion to suppress.
**AFFIRMED.**

        Martha J. Lucey, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Nicholas E. Siefert, Assistant Attorney General, for appellee.

        Considered without oral argument by Ahlers, P.J., and Badding and Buller, JJ.

**BADDING, Judge.**

On appeal from his conviction for a drug offense, Gatkek Lieth challenges the district court's denial of his motion to suppress evidence from a traffic stop for a cracked windshield. Expanding on the argument he made in district court, Lieth contends the officer did not have probable cause to stop the vehicle because the officer made a mistake of law and fact. We affirm the court's ruling.

## I.       Background Facts and Proceedings

After midnight on September 4, 2023, Trooper Conner Roos was working the overnight shift on routine patrol. While parked at an abandoned gas station, the trooper overheard radio traffic about a suspicious vehicle with four occupants in it. Trooper Roos spotted the vehicle—a red 2013 Mercedes Benz that was known to local law enforcement from past drug and firearm investigations—at a nearby gas station. He followed the vehicle as it left the gas station, looking for probable cause to pull it over.

Trooper Roos pulled up directly behind the Mercedes while it was stopped at a red traffic light. Looking through the rear window of the vehicle, he observed a cracked windshield that appeared to obstruct the clear vision of the driver. The trooper radioed other units in the area and initiated a traffic stop.

Lieth was in the rear passenger seat of the Mercedes. After obtaining consent to search the vehicle, officers found a "rolled-up foil" with burnt residue and "a bag of white powder" where Lieth had been sitting. The powder field-tested positive for cocaine. Lieth was arrested and charged with possession of a controlled substance, third offense, as a habitual offender.

Lieth moved to suppress evidence seized from the stop under the federal and state constitutions, arguing "[n]o justification was ever given nor was there any probable cause for the stop." In its resistance, the State contended Trooper Roos had probable cause to stop the vehicle because the cracked windshield violated Iowa Code section 321.438(1) (2023). The district court agreed with the State and denied the motion to suppress.

Under a plea agreement with the State, Lieth entered a conditional guilty plea to possession of a controlled substance, third offense, without the habitual offender enhancement. The agreement, which was signed by both parties, stated: "The Defendant anticipates appealing the Court's adverse ruling to his motion to suppress." The district court accepted the guilty plea and imposed a suspended sentence with probation. Lieth now appeals the denial of his suppression motion.[1]

## II.     Standard of Review

"The standard of review for a constitutional search and seizure challenge is de novo." *State v. McClain*, 20 N.W.3d 488, 494 (Iowa 2025) (citation omitted). We make an "independent evaluation of the totality of the circumstances" as shown by the entire record. *Id.* (citation omitted). "We give deference to the district court's fact findings due to its opportunity to assess the credibility of the witnesses, but we are not bound by those findings." *Id.* (citation omitted).

---

[1] We conclude that we have jurisdiction over Lieth's preserved challenge to the suppression ruling. *See* Iowa Code § 814.6(3); *State v. McClain*, 20 N.W.3d 488, 495 (Iowa 2025) (discussing the jurisdictional statute and the interest-of-justice standard).

### III. Analysis

Lieth claims the traffic stop was unlawful under the Fourth Amendment of the United States Constitution and article 1, section 8 of the Iowa Constitution, both of which prohibit unreasonable searches and seizures by the government. *See State v. Tyler*, 830 N.W.2d 288, 291 (Iowa 2013). "A traffic stop is a 'seizure' under both Constitutions." *State v. Griffin*, 997 N.W.2d 416, 418 (Iowa 2023). "So if a traffic stop is unreasonable, the stop is unconstitutional." *Id.* at 419. "[A] traffic stop is *reasonable*—and therefore constitutional—when there is probable cause to believe that the motorist violated a traffic law." *Id.* (cleaned up).

Iowa Code section 321.438(1) prohibits a person from driving "a motor vehicle equipped with a windshield . . . which do[es] not permit clear vision." The district court found that because Trooper Roos observed a violation of section 321.438(1), he had probable cause to stop the vehicle. Lieth contends the district court erred in reaching that conclusion for two reasons.

First, Lieth argues the "clear vision" requirement in section 321.438(1) should be interpreted to prohibit "cracks that would impair a driver's vision to the extent operation of the vehicle would be unsafe." From that definitional premise, Lieth argues that Trooper Roos made a mistake of law because he "erroneously believed that any visible crack, which might potentially obstruct the driver's clear vision, constitutes a violation of the statute." And under the Iowa Constitution, "a mistake of law is not sufficient to justify a stop."[2] *Tyler*, 830 N.W.2d at 294.

---

[2] Under the Fourth Amendment, however, a reasonable mistake of law can support a traffic stop. *See Heien v. N. Carolina*, 574 U.S. 54, 57 (2014); *see also State v. Scheffert*, 910 N.W.2d 577, 585 n.2 (Iowa 2018) (noting the "mistake-of-law

Second, Lieth argues that Trooper Roos made a mistake of fact when conducting the traffic stop. Unlike a mistake of law, if an officer "makes an objectively reasonable mistake about the facts underlying [a] violation, Iowa courts may uphold the stop." *State v. Lansman*, No. 19-0537, 2020 WL 1054571, at *2 (Iowa Ct. App. Mar. 4, 2020) (citing *State v. Lloyd*, 701 N.W.2d 678, 681 (Iowa 2005)). Lieth contends that the "challenging conditions under which the Trooper Roos made his observation leads to a conclusion that Trooper Roos'[s] belief about the windshield crack was not objectively reasonable."

The State argues that neither of these arguments were raised by Lieth in the suppression proceedings or decided by the district court. Instead, the State contends "the questions defense counsel posed at the hearing on his motion appear to have been designed to suggest the State Trooper's testimony was not credible by implying that he never actually saw the cracked windshield before initiating the traffic stop." We agree that was the focus of the suppression proceeding and the issue decided by the district court. So error was not preserved on Lieth's newly minted mistake-of-law and mistake-of-fact arguments. *See McClain*, 20 N.W.3d at 495 ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." (citation omitted)).

To the extent that Lieth's appeal also challenges whether the trooper was able to see the cracked windshield before stopping the vehicle, we give "considerable deference" to the district court's implicit credibility finding that the

---

doctrine is broader under the United States Constitution than it is under the Iowa Constitution").

trooper observed a traffic violation. *State v. Tague*, 676 N.W.2d 197, 201 (Iowa 2004); *cf. Tyler*, 830 N.W.2d at 296–97 (finding an officer was not credible based on internal inconsistencies in his testimony and contradictory extrinsic evidence). At the suppression hearing, Trooper Roos testified that he "observed a cracked windshield, particularly in front of the driver view," along with a "cracked windshield on the passenger towards the bottom." The trooper believed that the driver's clear vision would be obstructed by the cracked windshield. While Trooper Roos's dashcam did not record his view from behind the vehicle at the traffic light, a picture of the vehicle's front windshield that was admitted at the hearing showed the two cracks the trooper described in his testimony. We agree with the district court that because the trooper observed a violation of section 321.438(1), he had probable cause to stop the vehicle. *See, e.g., State v. Williams*, No. 00-942, 2001 WL 984710, at *3 (Iowa Ct. App. Aug. 29, 2001) (finding officers' testimony about a cracked windshield that may have obstructed the driver's view in violation of section 321.438(1) provided reasonable suspicion for a traffic stop); *see also State v. Jones*, No. 05-0316, 2006 WL 133009, at *4 (Iowa Ct. App. Jan. 19, 2006); *State v. Kissee*, No. 14-0219, 2015 WL 407957, at *2 (Iowa Ct. App. Jan. 28, 2015).[3]

For these reasons, we uphold the district court's suppression ruling and affirm Lieth's conviction.

**AFFIRMED.**

---

[3] While these cases were considering cracked windshields under a reasonable suspicion analysis—which was not argued by the State here—we agree with both parties that they are still probative under the probable cause analysis. *See State v. Steffens*, 889 N.W.2d 691, 697 (Iowa Ct. App. 2016) (finding the State did not preserve a reasonable-suspicion argument where it was not raised before or addressed by the district court as a justification for a traffic stop).